THE PEOPLE ex rel. THE BROOKLYN PARK COMMIS-
SIONERS, Respondents, *v.* THE CITY OF BROOKLYN
and JOHN W. HUNTER, Mayor, Appellants.

*Order of court — Presumption as to regularity of term — Objections to validity of assessment — when can be raised.*

The court will not presume an order to have been made at an irregular term.
Objections to the validity of an assessment cannot be raised by the mayor of a
city, by refusing to sign a warrant for payment of money thereunder, after the
city authorities have treated it as valid, and have authorized the levying of a tax
to meet it; and the money has been collected and is in the city treasury, and
its payment to the proper officers (park commissioners) has been ordered by the
legislative branch of the city government, and by the comptroller who has
signed the warrant therefor.

APPEAL from an order directing that a peremptory mandamus
issue against the defendants, directing the city of Brooklyn and
John W. Hunter, mayor thereof, to pay over to the park commis-
sioners (the relators) the amount applicable to the payment of
assessments, under chapter 926 of the Laws of 1871. The opposing
affidavits, among other things, stated " that from the records of the
General Term in this judicial department, it appears that Circuit
Courts, Special Terms for the trial of issues, and Special Terms for the
hearing of non-enumerated motions, were fixed for the year 1871;
but this deponent cannot ascertain, after diligent inquiry, that any
Special Term, or any other term or court, was ever fixed or appointed
for the third Monday or the fourth Monday of November, 1871,
or that any Special Term was adjourned to that time, and that on
the published notices of such terms distributed by the officers of
this court, no such designation or appointment appears."

*William C. De Witt,* corporation counsel, for the relators.

*Philip S. Crooke,* for the respondents.

TAPPEN, J.:

The legislature passed an act, known as chapter 926 of the Laws
of 1871, entitled "An act to lay out and improve a public highway,
in the town of Flatbush, on the easterly side of Prospect Park."

The act directed the park commissioners to lay out a public highway, 100 feet wide, on the easterly side of Prospect Park, in the town of Flatbush, to be run 2,000 feet northerly along the easterly side of the park, and thence northerly and easterly by such route as the commissioners should deem most direct and eligible.

All the proceedings contemplated by the act have been taken by the commissioners, including notice of an application at a Special Term of the Supreme Court for the appointment of commissioners of estimate, the fixing of a district of assessment as directed by the act, the report of the commissioners of estimate, and the confirmation thereof by the court. An assessment upon the property of the city of Brooklyn is distinctly contemplated by the language of the act, in sections 3 and 7, and the assessment is directed to be levied and collected as a tax upon the city. It has been so collected, the amount being $61,949.50; it is in the city treasury for the purposes directed by the act. The act says it shall be paid to the park commissioners, who shall pay the money to the persons entitled thereto. The assessments on lands either side of the avenue, within a specified space, form a fund, with which the commissioners are to pay awards and expenses, and the expenses of the first improvement of the road. The park commissioners have made demand on the comptroller for the money due from the city, and the comptroller has drawn the usual warrant therefor, which warrant the mayor refuses to countersign, and the proceeding is for a writ of mandamus to compel such signature.

It further appears, that, on the 27th of January, 1874, the common council of the city unanimously passed a resolution directing that said assessment be paid; that the money was then and is now in the city treasury, raised for that special purpose, and that the mayor approved and signed such resolution, on the 27th January, 1874.

With respect to the point raised on behalf of the city, that the appointment of commissioners of estimate was not at a regular Special Term, the fact seems to be otherwise. The Special Term of the Supreme Court for the county of Kings, commencing the first Monday of November, 1871, continued throughout that month, with the exception of Sundays and holidays, and until the commencement of the next succeeding Special Term, appointed to be

held in Kings county, on the first Monday of the following month. The court will not presume an order to have been made at an irregular term.*

With respect to the validity of the assessment, the city authorities have treated it as valid, and have authorized, under the act, the levying of a tax to meet it; the money has been collected, and is subject to demand by the park commissioners; its payment to them has been ordered by the legislative branch of the city government, and by the comptroller, who has signed the warrant. All the objections, therefore, that are now presented, must be deemed to have been waived on behalf of the city; and the rule laid down in *The People ex rel. New York and Harlem Railroad* v. *The Mayor of New York*,† is decisive of the case, and of all the questions presented by it.

The order of Special Term, granting peremptory writ of mandamus, should be affirmed, with ten dollars costs.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

Order affirmed, with costs.

* People v. Central City Bank, 53 Barb., 412.

† 4 N. Y. Supreme Court R. (T. & C.), 366.